# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 21, 2022

Lyle W. Cayce
Clerk

No. 20-61173
Summary Calendar

Maria Domingo-Torrez,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 371 962

Before Davis, Haynes, and Higginson, *Circuit Judges*.

Per Curiam:*

Maria Domingo-Torrez, a native and citizen of Guatemala, petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing her appeal from a decision of the immigration judge (IJ) concluding that she was ineligible for asylum, withholding of removal, and

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

relief under the Convention Against Torture (CAT). The BIA affirmed the IJ's adverse credibility determination, and on that basis, concluded that Domingo-Torrez had failed to establish an eligibility for relief.

Acknowledging that there were some inconsistencies in her accounts of the facts regarding her claim that she was kidnaped and raped in Guatemala, Domingo-Torrez challenges the BIA's credibility determination, arguing that she should have been considered a credible witness in light of all the circumstances because her testimony was largely consistent, she is illiterate, she was forced to use multiple translators in preparing her written statement, and she was being asked to recall traumatic events. She asserts that she is entitled to asylum because her membership in a particular social group was one central reason for the past persecution she suffered. Domingo-Torrez also argues that her treatment by the perpetrators warrants CAT relief.

Here, the IJ and the BIA cited "specific and cogent reasons derived from the record" to support the adverse credibility determination. *Singh v. Sessions*, 880 F.3d 220, 225 (5th Cir. 2018) (internal quotation marks and citation omitted). Domingo-Torrez has failed to demonstrate that it is clear from the totality of the circumstances that no reasonable factfinder could make an adverse credibility ruling in her case. *See Wang v. Holder*, 569 F.3d 531, 538 (5th Cir. 2009). Thus, the adverse credibility determination is supported by substantial evidence. *See id.* at 536-40.

Without credible evidence, there was no basis for the BIA to grant asylum or withholding of removal. *See Chun v. INS*, 40 F.3d 76, 79 (5th Cir. 1994). Further, although an adverse credibility determination is not necessarily dispositive of a CAT claim, Domingo-Torrez has pointed to "no independent, non-testimonial evidence going to the likelihood of torture," and therefore the adverse credibility finding is also decisive of her CAT

claim. *See Arulnanthy v. Garland*, 17 F.4th 586, 597-98 (5th Cir. 2021) (quotation on 598). Accordingly, the petition for review is DENIED.